```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRIAN CONROY
```

|  |  |
|---|---|
| Plaintiff, | MEMORANDUM AND ORDER |
|  | 17-CV-03954 |
| - against - |  |

```
MILLENNIUM TAXIMETER CORP.,
SKILMAN CONSULTING CORP, AND
EVGENY FREIDMAN

                Defendants.
------------------------------------------------------------x
```
GLASSER, Senior United States District Judge:

Plaintiff Brian Conroy ("Conroy") brought this Fair Labor Standards Act ("FLSA")/New York Labor Law ("NYLL") action on June 30, 2017 against Defendants Millennium Taximeter Corp., Skilman Consulting Corp, and Evgeny Freidman (collectively, "Defendants") for the failure to pay him overtime wages and provide him with required wage notices. (ECF No. 1 ("Compl.")). Defendants have failed to appear or otherwise respond to the complaint, and on August 30, 2017, the Clerk of the Court entered a certificate of default. (ECF No. 10). On November 27, 2017, Conroy filed a motion for (i) default judgment and (ii) amendment of the case caption to reflect the individual defendant's correct legal name. (ECF No. 13). On August 15, 2018, the Court (i) deferred ruling on the motion for default judgment until Conroy complied with Local Civil Rule 55.2(c) and (ii) granted the request for amendment of the case caption. (ECF No. 15). On October 1, 2018, Conroy complied with Local Civil Rule 55.2(c). (ECF No. 16). Pending before the Court is Conroy's motion for a default judgment as to liability and damages. For the reasons set forth below, Conroy's motion is **GRANTED.**

## BACKGROUND

The corporation defendants are taxi cab companies owned and operated by individual defendant Evgeny Freidman. (Compl. ¶ 14). Defendant Freidman is known in New York as the "Taxi King" for his large fleet of cabs. (*See* Exhibit 9). Through his corporations, he leases cabs to about 800 drivers each year in various cities including New York, Boston, Chicago, Philadelphia, and New Orleans. (Conroy Decl. ¶ 7). He charges cab drivers about $130-$160 per 12-hour shift and about $1500 for longer rentals. (Conroy Decl. ¶ 8).

Conroy was employed by Defendants from July 13, 2013 to May 26, 2017 and worked every day with the exception of two weeks each year. (Compl. ¶ 16; Conroy Decl. ¶ 12). During his employment, he worked 60 hours per week at rates of $19-20.48 per hour. (Compl. ¶ 18). He was paid every two weeks for 80 hours total. (Compl. ¶ 22). Defendants did not provide Conroy with written wage notices or pay stubs showing overtime wages he earned. (Conroy Decl. ¶¶ 16-17).

## DISCUSSION

### I.  Standard for Default Judgment

In deciding whether a default judgment should be entered following entry of a certificate of default, a court may accept as true all well-pleaded allegations in the unanswered complaint but must still satisfy itself that the plaintiff has established a sound legal basis upon which liability may be imposed. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A] district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action."). A fact is not "well-pleaded" if it is inconsistent with other allegations in the complaint or is "contrary to uncontroverted material in the file of the case." *Chuchuca v. Creative Customs Cabinets Inc.*, No.

13-CV-2506 (RLM), 2014 WL 6674583, at *5 (E.D.N.Y. Nov. 25, 2014). In addition, a pleading's legal conclusions are not assumed to be true. *Id.* Consequently, the factual allegations in the complaint must themselves be sufficient to establish a right to relief. *Id.*

## II. Liability

### a. Fair Labor Standards Act

Congress enacted the FLSA to "protect all covered workers from substandard wages and oppressive working hours, labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for the health, efficiency and general well-being of workers." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The statute applies to all "employers," which Congress defines broadly to include "any person acting directly or indirectly in the interest of an employer in relation to the employee." 29 U.S.C. § 203(d). To be covered under the FLSA, an employee must demonstrate that his employer is an enterprise that either "has employees engaged in commerce or in the production of goods for commerce" and has an annual gross volume of sales made or business done that is not less than $500,000. 29 U.S.C. §§ 203, 207. An employee may, as here, be simultaneously employed by multiple "employers." *Chuchuca*, 2014 WL 6674583, at *6.

Section 207 of the FLSA requires an employer to pay any employee who works more than 40 hours per week a premium for overtime hours "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Employers who violate this provision "shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216. The fact that an employer pays wages above the statutory minimum set by Congress is not

13-CV-2506 (RLM), 2014 WL 6674583, at *5 (E.D.N.Y. Nov. 25, 2014). In addition, a pleading's legal conclusions are not assumed to be true. *Id.* Consequently, the factual allegations in the complaint must themselves be sufficient to establish a right to relief. *Id.*

## II. Liability

### a. Fair Labor Standards Act

Congress enacted the FLSA to "protect all covered workers from substandard wages and oppressive working hours, labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for the health, efficiency and general well-being of workers." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The statute applies to all "employers," which Congress defines broadly to include "any person acting directly or indirectly in the interest of an employer in relation to the employee." 29 U.S.C. § 203(d). To be covered under the FLSA, an employee must demonstrate that his employer is an enterprise that either "has employees engaged in commerce or in the production of goods for commerce" and has an annual gross volume of sales made or business done that is not less than $500,000. 29 U.S.C. §§ 203, 207. An employee may, as here, be simultaneously employed by multiple "employers." *Chuchuca*, 2014 WL 6674583, at *6.

Section 207 of the FLSA requires an employer to pay any employee who works more than 40 hours per week a premium for overtime hours "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Employers who violate this provision "shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216. The fact that an employer pays wages above the statutory minimum set by Congress is not

a defense to an employer's non-payment of overtime compensation. *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 42 (1944).

After reviewing the undisputed allegations in the Complaint and the default judgment submissions, the Court finds there is a sufficient basis for establishing Defendants' liability under the FLSA for violations of the overtime provisions. Conroy provided a sworn declaration containing information as to rates of pay and estimates of hours worked based on his recollection. In addition, he provided earnings statements, to the extent he saved them, to support his allegations that he was only paid for 80 hours on a bi-weekly basis rather than the 120 hours that he actually worked. *See* Exhibits 1-3.

### b. New York Labor Law

NYLL mirrors the FLSA in its wage and overtime compensation provisions. Like the FLSA, NYLL requires that employers provide time-and-a-half compensation for employees who work more than 40 hours per week, and adopts the same methods used by the FLSA for calculating overtime damages. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. NYLL also requires that employers, at the time of hiring, provide employees with a notice containing their pay rates and how they will be paid, and during employment, statements detailing important information such as the rates of pay and the hours worked, including any overtime wages. N.Y. Lab. Law § 195(1), (3). For the same reasons the Court finds Defendants liable under the FLSA, it also finds them liable under the NYLL for violations of the overtime provisions and record-providing requirements.

## III. Damages

Although allegations pertaining to liability are deemed admitted upon entry of a default judgment, allegations related to damages are not. *Credit Lyonnais Sec., Inc. v. Alcantara*, 183

F.3d 151, 155 (2d Cir. 1999); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). A court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *Credit Lyonnais*, 183 F.3d at 155.

An employee bringing an action for unpaid wages under the FLSA or NYLL has the burden of proving he was not adequately compensated. *Carrasco-Flores v. Comprehensive Health Care & Rehab. Servs., LLC*, No. 12-CV-5737 (ILG), 2014 WL 4954629, at *3 (E.D.N.Y. Oct. 2, 2014) (Glasser, J.). Employers are required to "make, keep, and preserve" records of employee wages and hours. 29 U.S.C. § 211(c). However, if an employer fails to keep or produce records, the plaintiff may satisfy his burden by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Carrasco-Flores*, 2014 WL 4954629, at *3. A plaintiff may satisfy this evidentiary burden "by relying on recollection alone." *Id.* Where, as here, a defendant employer defaults, the plaintiff employee's "recollection and estimates of hours worked are presumed to be correct." *Id.*

### a. Statute of Limitations

Conroy requests damages for violations of the relevant statutes that occurred between July 13, 2013 and May 26, 2017. As a threshold matter, every action under the FLSA must "be commenced within two years after the cause of action accrued . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Willfulness, in this context, is found where an employer knowingly disregards its obligations under the FLSA. *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009). Courts have found that a defendant's default alone suffices to support a finding of willfulness. *Carrasco-Flores*, 2014 WL 4954629, at *4. Accordingly, the three-year statute of

5

limitations applies to Conroy's FLSA claims. For his NYLL claims, a six-year statute of limitations applies. N.Y. Lab. Law § 198(3).

### b. Unpaid Overtime Wages

Conroy has satisfied his evidentiary burden of proving Defendants did not adequately compensate him. The Court will assume that his recollection and estimates of hours worked are correct. From 2013 to 2015, he was paid $1,532.50 on a bi-weekly basis for 80 hours. (Conroy Decl. ¶ 13). From January 16 to March 2016, he was paid $1,485.53 on a bi-weekly basis for 80 hours. (Conroy Decl. ¶ 14). From April 2016 until the end of his employment, he was paid $1,638.36 on a bi-weekly basis for 80 hours. (Conroy Decl. ¶ 15). Therefore, Conroy is owed time-and-a-half in the amount of $70,125.60 for the period July 2013 to March 2016; $6,685.20 for the period January 2016 to March 2016; and $33,177.60 for the remainder of his employment, for a total amount of $109,988.40 in a single award under the FLSA and NYLL.

### c. Liquidated Damages

Under the FLSA, an employee can be awarded liquidated damages in an amount equal to one hundred percent of the amount awarded for compensatory damages. 29 U.S.C. § 216(b). The employer bears the burden of establishing that "the act or omission giving rise to such action was in good faith" and that liquidated damages should not be awarded. 29 U.S.C. § 260; *Carrasco-Flores*, 2014 WL 4954629, at *6. An employer may establish a good faith, reasonable basis defense by offering "plain and substantial evidence of at least an honest intention to ascertain what the [FLSA] requires and to comply with it." *Brock v. Wilamowsky*, 833 F.2d 11, 20 (2d Cir. 1987). "[T]he [employer's] burden is a difficult one, with double damages being the norm and single damages the exception." *Carrasco-Flores*, 2014 WL 4954629, at *6.

The standard for collecting liquidated damages under the NYLL is essentially the same as the standard under the FLSA. *Id.* There are, however, two significant differences. First, under the NYLL, absent an employer's proof of good faith, claims for liquidated damages may be assessed up to six years after the alleged violation. N.Y. Lab. Law § 663(1), (3). Second, as of April 9, 2011, the NYLL provides for a liquidated damages award of one hundred percent of the total compensatory damages awarded. N.Y. Labor Law §§ 198(1-a), 663(1). Previously, a prevailing party was entitled only to liquidated damages equal to twenty five percent of compensatory damages. *Carrasco-Flores*, 2014 WL 4954629, at *6.

An award of liquidated damages under both the FLSA and NYLL is appropriate here because Defendants defaulted and, thus, have not carried their burden of proving that liquidated damages should not be awarded. *Id.* While some courts decline to award liquidated damages under both the FLSA and the NYLL, the majority view is that prevailing plaintiffs may recover liquidated damages under both statutes. *Id.* Accordingly, Conroy is awarded liquidated damages under both statutes in the sum of $109,988.40.

### d. Prejudgment Interest

Conroy also seeks an award of prejudgment interest on his state law claims. Unlike the FLSA, "prejudgment interest and liquidated damages under New York Labor Law are not functional equivalents . . . because the liquidated damages provided for in the New York Labor Law are punitive in nature rather than compensatory." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 92 (E.D.N.Y. 2012). Therefore, prejudgment interest may be applied to violations of the NYLL and added to the liquidated damages that have already been awarded. *Id.* However, where a plaintiff has already received an award of liquidated damages under the FLSA, the plaintiff is only entitled to an award of prejudgment interest on unpaid overtime wages for which liquidated

damages under the FLSA were not awarded. *Id.* Because there is a three-year statute of limitations for Conroy's FLSA claims and he brought this action on June 30, 2017, Conroy did not receive compensatory or liquidated damages under the FLSA for unpaid overtime between July 13, 2013 and June 30, 2014. Accordingly, Conroy is entitled to prejudgment interest for unpaid overtime only between those dates.

To determine how much prejudgment interest to award Conroy, the Court must determine the number of overtime hours he worked during that period. From July 13, 2013 to June 30, 2014, Conroy worked approximately 58 weeks and was paid $1,532.50 on a bi-weekly basis for 80 hours. (Conroy Decl. ¶ 13). That equals $19.15 per hour. Because he worked 60 hours per week, he was owed 20 hours per week of overtime. Over the 58-week period, he was owed time-and-a-half overtime wages for 1,160 hours, or $33,321.

The statutory annual interest rate is nine percent. N.Y. C.P.L.R. § 5004. Therefore, Conroy is entitled to nine percent of $33,321, which equals $2,998.89 in prejudgment interest.

### e. *NYLL Statutory Penalties*

Conroy was not given the proper notices in accordance with Sections 195(1) and 195(3) of the NYLL, which provides that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees . . . ." N.Y. Lab. Law § 198(1-b). Similarly, "[i]f any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to

8

occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees . . . ." N.Y. Lab. Law § 198(1-d).

Conroy worked for Defendants for about 4 years. He never received a wage notice containing his rates of pay in accordance with NYLL Section 195(1). Therefore, he is entitled to $50 per workday or a maximum of $5,000. Because he worked approximately 1,460 days over a four-year period, the Court will award the maximum of $5,000.

Conroy submitted three pay statements with his motion for default judgment in support of his allegations. He claims Defendants did not provide him with wage statements or pay stubs for each pay period. However, he did not provide an approximation of how many pay stubs he did receive. Therefore, the Court cannot calculate statutory damages for a violation of NYLL Section 195(3).

### f. *Attorney's Fees and Costs*

Both the FLSA and NYLL entitle prevailing plaintiffs to reasonable attorneys' fees. 29 U.S.C. § 216(b); NYLL §§ 198(1-a). The same attorneys' fee analysis applies in determining fees under both statutes. *Carrasco-Flores*, 2014 WL 4954629, at *8. "Attorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289-90 (2d Cir. 2011). In addition, courts have continuously recognized the right to reimbursement of costs such as photocopying, postage, transportation, transcript fees, and filing fees. *Quantum Corp. Funding, Ltd. v. Westwood Design/Build Inc.*, No. 08 CIV. 0539 (LAK), 2010 WL 5185072, at *11 (S.D.N.Y. Nov. 19, 2010), *report and recommendation adopted*, No. 08 CIV. 0539 (LAK), 2010 WL 5222120 (S.D.N.Y. Dec. 21, 2010).

Having failed to provide any information regarding attorneys' fees and costs, if seeking their award, counsel is directed to provide the necessary time sheets for services rendered and evidence of costs incurred on or before November 2, 2018.

## CONCLUSION

For the reasons set forth above, Conroy's motion for default judgment as to liability and damages under the FLSA and NYLL is **GRANTED**. Conroy is awarded a total amount of $227,975.69 in compensatory damages, liquidated damages, statutory penalties, and prejudgment interest.

SO ORDERED.

Dated:     Brooklyn, New York
           October 22, 2018

/s/
I. Leo Glasser            U.S.D.J.